[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from a decision of a Family Support Magistrate dated February 24, 2000.
Many of the facts that give rise to this appeal are not in dispute. The court incorporates as the facts of this appeal all of the facts found on pages 1 through 5 of the Magistrate's memorandum of decision as well as the first three lines at the top of page 6.
The memorandum of decision of the Magistrate also states under § 4 the following:
 IV. "Since there has been a substantial change in circumstances and the modification is not barred as a matter of law, the court turns to the issue of the defendant's support obligation. The guidelines as prepared by the plaintiff indicate that the defendant's obligation should be $98.00 per week. The defendant did not dispute that amount. The court orders that the defendant pay in accordance with the guidelines $98.00 per week as current support.
 Regarding any arrearage, the court, Forman, FSM, ordered that any modification orders be retroactive to November 30, 1995. Other than a three month period during the summer of 1998 when the defendant worked in New York earning $21.00 per hour, and six weeks from December of 1995 and January 1996, the defendant's income was below $145.00 per week, the self support reserve. In addition, the amendment to the stipulated CT Page 6447 judgment provides that the defendant is to be credited for his initial $27,500.00 payment. Therefore, the court will not find any arrearage prior to June, 1998. Since early March, 1999, the defendant has worked at Leaf stone, earning $588.00 per week. Therefore, the plaintiff's arrearage is found to be $6,174.00, ($93.00 per week x 63 weeks; covering the period of time from June J., 1998 to August 31, 1998, and from March 1, 1999 to February 22, 2000). The defendant is ordered to pay $17.00 per week on said arrearage. Income withholding is ordered.
 The plaintiff mother is ordered to continue to provide medical insurance for the child so long as is available through her employment at a reasonable cost. If the medical is not so available to the mother, then the defendant is ordered to provide such medical coverage if available at a reasonable cost through his employment. The provisions of Section 46b-84e of the General Statutes are adopted as if set forth in full.
The memorandum of decision does not address what amount, if any, credit the defendant is entitled to receive from the initial $27,500 support payment that he made and how that credit is calculated. Further, the memorandum of decision does not address what the amount of support would have been either on an annual basis or some other basis due from the defendant to the plaintiff from the retroactive date of November 30, 1995 to the date of the memorandum of decision.
The court therefore, remands this case to the Magistrate court (not the Magistrate who filed the memorandum of decision from which the appeal was taken) for findings to be made in accordance with this memorandum of decision.
 _____________________ AXELROD, JUDGE